# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES SPOTTED ELK-BOOTH, JR.,<br><br>Defendant. | CR 09-13-BLG-RFC<br><br><br><br>ORDER DENYING MOTION TO DISMISS FOR DOUBLE JEOPARDY |

## I.   INTRODUCTION

On December 9, 2009, a jury convicted Defendant Charles Spotted Elk-Booth, Jr. of attempted aggravated sexual abuse. *Doc. 81*. He was acquitted of aggravated sexual abuse, aiding and abetting aggravated sexual abuse, and kidnaping. On appeal, the Ninth Circuit Court of Appeals reversed the attempted aggravated sexual abuse conviction because the jury was erroneously instructed that intoxication was not a defense to attempted aggravated sexual abuse.

1

On remand to this Court, Defendant moved to dismiss the Indictment on the grounds that it was duplicitous, charging both aggravated sexual abuse, attempted aggravated sexual abuse, and aiding and abetting aggravated sexual abuse in the same Count, and because it did not allege Defendant had the specific intent to commit the attempt crime and therefore did not allege every element of the offense. *Doc. 181*. Because the Government obtained a Superseding Indictment that cured these alleged defects, the Court denied the motion to dismiss as moot. *Doc. 197.*

Pending before the Court is another motion to dismiss. *Doc. 203*. Defendant now argues the Superseding Indictment must be dismissed because trying him on the charge of attempted aggravated sexual abuse would violate the Fifth Amendment's prohibition against double jeopardy. Specifically, Defendant argues the Superseding Indictment charges an offense–attempted aggravated sexual abuse–that was not charged in the initial Indictment, but which arose out of the same events that were the subject of the last trial. According to Defendant, attempted aggravated sexual abuse was not charged in the initial Indictment because it did not allege Defendant had specific intent to commit the crime. Defendant also maintains the initial indictment was duplicitous because it charged attempted aggravated sexual abuse and aggravated sexual abuse in the same count.

2

## II.	ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishment for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

In order to resolve a double jeopardy question, courts must determine when jeopardy attaches and when it terminates, because both are prerequisites for double jeopardy protections. *United States v. Jose,* 425 F.3d 1237, 1240 (9th Cir. 2005). Here, it is undisputed the jeopardy attached when the jury was empaneled and sworn during the December 2009 trial. *Id.* Although jeopardy would ordinarily terminate upon Defendant's conviction for attempted aggravated sexual abuse, the Double Jeopardy Clause does not bar retrial for the same offense when the conviction is reversed on appeal. *Id., citing Ball v. United States*, 163 U.S. 662, 671-72 (1896).

Since this is exactly what happened here–Defendant was convicted of attempted aggravated sexual abuse at trial and the conviction was reversed on appeal–it seems obvious that the Double Jeopardy Clause would allow him to be

retried for attempted aggravated sexual abuse. But Defendant argues that aggravated sexual abuse was never sufficiently pleaded in the initial Indictment and therefore he may not be retried on that charge. As the Ninth Circuit noted in *Jose,*

> While the Double Jeopardy Clause does not bar retrial after reversal of a conviction, it does bar a successive trial on an offense not charged in the original indictment once jeopardy has already terminated on, what is for double jeopardy purposes, the "same offense."

425 F.3d at 1241, *citing Brown v. Ohio,* 432 U.S. 161, 166, (1977). In determining whether this prosecution may continue, the Court must decide whether attempted aggravated sexual abuse was charged in the initial Indictment, and if so, whether that charge is the same offense as aggravated sexual abuse for double jeopardy purposes.

> Count 1 of the initial Indictment read as follows:
>
> That on or about November 18, 2007, at or near Lame Deer, in the State and District of Montana, and within the exterior boundaries of the Northern Cheyenne Reservation, being Indian Country, the defendants WILLIAM ALVIN WICK, JR., and CHARLES WILLIAM SPOTTED ELK-BOOTH, Indian persons, knowingly engaged in a sexual act with G.W.E., and attempted to do so, by using force against G.W.E., and aided and abetted in the aggravated sexual abuse of G.W.E., in violation of 18 U.S.C. §§ 1153(a), 2241(a)(1), and (2).

*Doc. 1.* Defendant argues it does not accurately plead attempted aggravated

sexual abuse because it does not allege, and therefore the grand jury did not find, he acted with specific intent. Unlike the completed crime of aggravated sexual abuse, specific intent is an essential element of the inchoate crime of attempted aggravated sexual abuse. *United States v. Hadley,* 918 F.2d 848, 853 (9th Cir. 1990). Defendant further argues that specific intent must be alleged in the indictment and that failure to do so renders the indictment invalid. *United States v. Pernillo-Fuentes,* 252 F.3d 1030, 1032 (9th Cir. 2001) (dismissing indictment for attempted illegal reentry on appeal after conviction where district court denied timely motion to dismiss indictment for failure to allege specific intent).

The Government counters with a citation to *United States v. Resendiz-Ponce,* 549 U.S. 102, 107 (2007). Although the issue in *Resendiz-Ponce* was somewhat different, whether the indictment was sufficient even though it did not specify the overt act that is an essential element of all attempt crimes, the Supreme Court plainly stated that the word attempt in an indictment "encompasses both the overt act and intent elements." 549 U.S. at 107. Accordingly, even though an indictment "must set forth each element of the crime that it charges," *Almendarez-Torres v. United States,* 523 U.S. 224, 229 (1998), an indictment alleging attempted reentry of a deported alien is sufficient if it points out the relevant statute and alleges that on or about a certain date the defendant attempted to enter

5

the United States at or near a specific place. *Id.* at 108 (internal quotations omitted). Specifically, there are two constitutional requirements to an indictment: it must (1) contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend and (2) enable him to plead a conviction or acquittal to bar future prosecutions for the same crime. *Id., citing Hamling v. United States,* 418 U.S. 87, 117 (1974). In the Supreme Court's view, the word "attempt," together with the allegation of the specific time and place of the attempted illegal reentry, satisfied both requirements. *Id.* Although crimes that depend crucially on a specific identification of fact must be charged with greater specificity than a simple parroting of the language of the criminal statute, Rule 7(c)(1) Fed.R.Crim.P. requires only a "plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* at 109-10.

In this Court's view, *Resendiz-Ponce* compels the conclusion that attempted aggravated sexual abuse was sufficiently alleged in the original indictment. Every single case cited by Defendant predates *Resendiz-Ponce*. *E.g., United States v. Morrison,* 536 F.2d 286, 289 (9th Cir. 1976)(specific intent must be alleged with greater particularity than general intent); *United States v. Ramirez-Martinez,* 273 F.3d 903, 913-15 (9th Cir. 2001) (finding indictment duplicitous where it charges attempt and completed alien harboring in the same count because the attempt

crime requires specific intent where the completed crime does not); *United States v. Luma,* 240 F.Supp.2d 358, 363 (D. Virgin Islands 2002)(indictment alleging possession of a firearm with obliterated serial number was deficient because it did not allege defendant knew the serial number was missing); *Pernillo-Fuentes,* 252 F.3d 1030, 1032 (9th Cir. 2001) (dismissing indictment for attempted illegal reentry on appeal after conviction where district court denied timely motion to dismiss indictment for failure to allege specific intent).

That *Resendiz-Ponce* effected such a change in the law is evident from Justice Scalia's lone dissent. For example, Justice Scalia notes that since it is well-established that (1) an indictment must allege all the elements of the crime charged and (2) attempt requires the intent to commit the underlying crime and some action in furtherance of it, "[i]t should follow, then, that when the Government indicts for attempt to commit a crime, it must allege both that the defendant had the intent to commit the crime, *and* that he took some action toward its commission." *Resendiz-Ponce,* 549 U.S. at 111 (Scalia, J.,dissenting)(emphasis in original). From this statement, the logical inference is that after *Resendiz-Ponce,* an indictment alleging attempt need not allege a specific intent to commit the crime. The charge at issue in *Resendiz-Ponce* did not expressly allege specific

7

intent[1], 549 U.S. at 105, but the Court sustained the indictment even though specific intent has always been an element of attempt crimes. *See United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1192 (9th Cir, 2000).

In sum, since (1) Count 1 in the original Indictment tracked the language of the criminal statute and provided a time and date of the offense alleged and (2) attempted aggravated sexual abuse, liked attempted reentry, is not the type of crime that must be pleaded with greater specificity, it was sufficiently alleged in the original indictment. *See Resendiz-Ponce,* 549 U.S. at 108, 109-10. Accordingly, even if attempted aggravated sexual abuse and aggravated sexual abuse are the same crime for double jeopardy purposes, since Count 1 of the initial indictment sufficiently charged Defendant with attempted aggravated sexual abuse, the Double Jeopardy Clause does not preclude a second trial on the charge of attempted aggravated sexual abuse. *Jose,* 425 F.3d at 1241, *citing Brown v. Ohio,* 432 U.S. 161, 166, (1977).

Defendant also argues that Count 1 of the initial Indictment was duplicitous

---

[1]The indictment in *Resendiz-Ponce* read:

"On or about June 1, 2003, JUAN RESENDIZ-PONCE, an alien, knowingly and intentionally attempted to enter the United States of America at or near San Luis in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about October 15, 2002, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission."In violation of Title 8, United States Code, Sections 1326(a) and enhanced by (b)(2)."

because it charged aggravated sexual abuse, aiding and abetting aggravated sexual abuse, and attempted aggravated sexual abuse in the same count.[2] But even if the charge was duplicitous and this duplicity caused a double jeopardy problem, "[a]n objection that an indictment count is duplicitous must be made prior to trial or it is waived." *United States v. McCormick,* 72 F.3d 1404, 1409 (9th Cir. 1995). Since Defendant failed to object to the alleged duplicity prior to the first trial, he waived any objection he may have had. *Id.*

---

[2]Although it is not necessary to decide it here, a good argument can be made that Count 1 of the initial Indictment was not duplicitous because attempt, like aiding and abetting is implied in every federal indictment. *See United States v. Valdez-Santos*, 457 F.3d 1044, 1046, n.3 (9th Cir. 2006)(aiding and abetting implied in every federal indictment). In *Resendiz-Ponce*, the Supreme Court noted that Rule 31(c)(2) expressly provides that a party "may be found guilty of ... an attempt to commit the offense charged ... if the attempt is an offense in its own right." Id. at 110, n.7. The Court further noted that "[i]f a defendant indicted only for a completed offense can be convicted of attempt under Rule 31(c) without the indictment ever mentioning an overt act, it would be illogical to dismiss an indictment charging attempt because it fails to allege such an act." *Id.* Under this reasoning, a defendant indicted only for a completed offense could be convicted of attempt under Rule 31(c) without the indictment even mentioning attempt, let alone charging the specific intent required for attempt. In fact, the Second Circuit has expressly held that "under Fed.R.Crim.P. 31(c), a defendant may be found guilty of an attempt to commit a substantive offense, whether or not the attempt was charged in the indictment, provided an attempt is punishable." *United States v. Dhinsa*, 243 F.3d 635, 675 (2d Cir. 2001). Here, 18 U.S.C. § 2241(a) expressly criminalizes attempt.

Finally, even if Count 1 was duplicitous, the verdict form requiring the jury to separately determine guilt or innocence for all three crimes, (*doc. 81*), combined with jury instructions requiring a unanimous verdict (*doc. 84*), fixed any duplicity problem. *See Ramirez-Martinez*, 273 F.3d at 915 (duplicitous indictment can be remedied by requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed)

### III. ORDER

For those reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (*doc. 203*) is **DENIED**.

Dated this 28th day of September, 2011.

                                               */s/ Richard F. Cebull*_____
                                               Richard F. Cebull
                                               United States District Judge